Brannon & Associates, Dwight D. Brannon, and Thomas A. Ballato, for appellee Thomas Kuhn.

---

THE STATE EX REL. NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Navistar Internatl. Transp. Corp. v. Indus. Comm.,* 110 Ohio St.3d 159, 2006-Ohio-4089.]

(No. 2005–1483—Submitted May 23, 2006—Decided August 23, 2006.)

---

**Per Curiam.**

{¶ 1} When a self-insured employer voluntarily establishes an on-site physical-therapy facility, does *State ex rel. Miller v. Indus. Comm.* (1994), 71 Ohio St.3d 229, 643 N.E.2d 113, require the Industrial Commission of Ohio to consider the employer's facility-related costs in determining whether a claimant may receive treatment at another physical-therapy facility recommended by his doctor? For the reasons to follow, we hold that *Miller* does not contain this requirement.

{¶ 2} Appellee Thomas Clifford has an allowed workers' compensation claim for "right shoulder strain[,] * * * tear of right rotator cuff * * * and biceps tendon tear, right shoulder." Clifford eventually required shoulder surgery and received follow-up physical therapy at Springfield Physical Therapy as requested by his attending physician, Dr. Paul Nitz. Appellant-employer, self-insured Navistar International Transportation Corporation, approved the request on the condition that Clifford receive his physical therapy at Navistar's on-site medical facility. Because Clifford would not agree to physical therapy at Navistar's facility, Navistar denied treatment authorization.

{¶ 3} The dispute moved to the appellee Industrial Commission. After protracted hearings, the commission found that "this decision simply comes down to an interpretation of the test enunciated in the case of *State ex rel. Miller v. Indus. Comm.*" It reviewed *Miller*'s three-pronged test for authorization of medical services: (1) Are the services reasonably related to the allowed condition? (2) Are the services reasonably necessary for treatment of the allowed condition? (3) Is the cost of the service "medically reasonable"? Id. at 232, 643 N.E.2d 113. After answering each question in the affirmative, the commission authorized therapy with Springfield Physical Therapy.

{¶ 4} Navistar filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in authorizing treatment at the Springfield facility. Navistar argued that if physical therapy is authorized at a facility other than its own, it will "pay twice"—i.e., once for the cost of the off-site facility and again for the expense of its own facility. It argued that because of the commission's failure to address that consideration, its analysis is deficient. The court of appeals was not persuaded, holding that the commis-

sion's analysis was appropriate under *Miller* and the conclusion was supported by evidence. The writ was denied.

{¶ 5} The cause is now before this court on an appeal as of right.

{¶ 6} We begin by clarifying that the issue in this case is *not* about a claimant's free choice of doctors. Contrary to Navistar's representation, neither the commission nor the court below ruled—directly or inferentially—that Clifford's physical-therapy request for treatment with Springfield Physical Therapy was granted because Clifford had an unfettered right to treatment anywhere and anytime. The commission granted—and the court of appeals upheld—the motion because Clifford's request satisfied the three-prong test in *Miller*.

{¶ 7} The parties agree that Clifford's request satisfies the first two prongs delineated in *Miller*, and they focus solely on the third prong: whether, under the circumstances, the costs that Navistar has been ordered to assume are "medically reasonable." Navistar concedes that Clifford's request of physical therapy from the Springfield Physical Therapy group, "when considered in a vacuum," is medically reasonable. Navistar proposes, however, that the cost of the services cannot be viewed in a vacuum and that the commission must balance the proposed costs against the employer's own facility-related costs. In other words, the commission must consider the fact that if Clifford's request is granted as submitted, Navistar will effectively incur double the cost because it has already incurred the cost of creating its own facility and will now have to assume the cost for treatment at Springfield Physical Therapy as well.

{¶ 8} *Miller* does not contain the requirement advocated by Navistar. Accordingly, the commission did not abuse its discretion in failing to consider Navistar's facility-related costs. Regarding the question of evidentiary support for the commission's determination that *Miller* was satisfied, Dr. Nitz's C–9 motion for authorization of physical therapy at Springfield Physical Therapy supported the commission's decision. Although it is admirable that Navistar has voluntarily created its own facility to provide physical-therapy treatment to injured employees, it may not condition treatment authorization on an employee's agreement to use its facility rather than any other.

{¶ 9} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

---

**LUNDBERG STRATTON, J., concurring.**

{¶ 10} I concur in the majority's decision because it follows what the law allows.

{¶ 11} However, Navistar's position is a valid one. It seems to be a sound policy to encourage companies to establish on-site physical-therapy facilities for both the convenience of the employees and for cost savings to the employers and the workers' compensation system. But this court does not set Bureau of Workers' Compensation policy. Navistar's issues are more appropriately directed to the legislature. Current law simply applies three tests, which the claimant satisfied. Therefore, I concur in the decision of this court.

---

Vorys, Sater, Seymour & Pease, L.L.P., Joseph A. Brunetto, and Gina R. Russo, for appellant.

Jim Petro, Attorney General, and Dennis H. Behm, Assistant Attorney General, for appellee Industrial Commission.

Robert Bumgarner, for appellee Thomas Clifford.

Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy, and Marc J. Jaffy, urging affirmance for amicus curiae Ohio AFL–CIO.

Philip J. Fulton Law Office, Philip J. Fulton, and William A. Thorman III, urging affirmance for amicus curiae Ohio Academy of Trial Lawyers.